

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR332–HEH |
| ) | |
| JUAN RAUL ) | |
| RODRIGUEZ-ARRIOLA, ) | |
| ) | |
| Petitioner. | |

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 29) to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") for his conviction of illegal reentry is unconstitutional.[1] Specifically, Petitioner argues that his prior conviction for aggravated assault no longer qualifies as a predicate "crime of violence" to enhance his sentence under the guidelines. (§ 2255 Mot. 5–6.) However, Petitioner is incorrect.

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

Petitioner was convicted of Illegal Reentry under 8 U.S.C. § 1326(a) and (b)(2) and received a 16-point sentencing enhancement under USSG § 2L1.2(b)(1)(a)(ii) for reentering the United States after being convicted of a "crime of violence," specifically, aggravated assault. (Presentence Investigation Report Wksht. A, ECF No. 25). At the time of Petitioner's sentencing, USSG § 2L1.2(b)(1)(A)(ii)'s corresponding commentary stated:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*U.S. Sentencing Guidelines Manual* § 2L1.2 cmt. n.1(B)(iii) (U.S. Sentencing Comm'n 2010) (emphasis omitted).

Petitioner contends that after *Johnson*, his prior conviction for aggravated assault no longer qualifies as a crime of violence to enhance his sentence. Petitioner's argument lacks merit because Petitioner's prior conviction for aggravated assault is an enumerated offense in the commentary. *See United States v. Martinez-Bahena*, No. 14-10062-01-EFM, 2016 WL 6948062, at *3 (D. Kan. Nov. 28, 2016). Accordingly, *Johnson* is inapplicable to Petitioner's enhanced sentence for illegal reentry. *Id.*; *cf. United States v. Perez-Belmares*, 670 F. App'x 330, 330–31 (5th Cir. 2016) (holding that *Johnson* was

inapplicable when prisoner received 16-point enhancement under USSG § 2L1.2 for prior conviction specifically enumerated as crime of violence in commentary).[2]

The Government has moved for an extension of time to file its Motion to Dismiss. (ECF No. 33.) Because there is no prejudice to Petitioner, the Motion (ECF No. 33) will be granted to the extent that the Motion to Dismiss will be deemed timely filed. The Government's Motion to Dismiss (ECF No. 32) will be granted. The Clerk will be directed to terminate the remaining outstanding motions (ECF Nos. 27, 30). The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order shall issue.

                                                         /s/
                                  HENRY E. HUDSON
                                  UNITED STATES DISTRICT JUDGE

Date: June 13, 2017
Richmond, Virginia

---

[2] Even if Petitioner attempted to challenge his prior conviction for aggravated assault under the enumerated offense or force clause, challenges to the calculation of his sentence under the guidelines fail to state a claim cognizable for § 2255 relief. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion).

3